**UNITED STATES of America,**
**Appellee,**

v.

**Prenka IVEZAJ, Nardino Colotti, Alex Rudaj, Angelo DiPietro, Nikola Dedaj, and Ljusa Nuculovic,\* Defendants–Appellants.**

Nos. 06–3112–cr(L), 06–3275–cr(CON), 06–3296–cr(CON), 06–3339–cr(CON), 06–3372–cr(CON), 06–5908–cr(CON).

United States Court of Appeals, Second Circuit.

June 11, 2009.

---

\* The Clerk of Court is directed to amend the  official caption as indicated.

Richard A. Greenberg (Steven Y. Yurowitz, on the brief), New York, N.Y., for Defendant–Appellant Ivezaj.

Richard Ware Levitt (Yvonne Shivers, on the brief), New York, N.Y., for Defendant–Appellant Colotti.

Harold Price Fahringer (Erica T. Dubno, on the brief), New York, N.Y., for Defendant–Appellant Rudaj.

Jonathan Svetkey, New York, N.Y., for Defendant–Appellant DiPietro.

Diarmuid White (Brendan White, on the brief), New York, N.Y., for Defendant–Appellant Dedaj.

John Burke, Brooklyn, N.Y., for Defendant–Appellant Nuculovic.

Jennifer G. Rodgers, Assistant United States Attorney (Timothy J. Treanor, Benjamin Gruenstein and Jonathan S. Kolodner, Asst. United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants Prenka Ivezaj, Nardino Colotti, Alex Rudaj, Angelo DiPietro, Nikola Dedaj, and Ljusa Nuculovic (the "defendants") appeal their judgments of conviction entered by the United States District Court for the Southern District of New York (Cote, *J.*) on racketeering and other charges. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal, as well as the opinion in this case filed separately today.

Defendants challenge the district court's refusal to discharge Juror Four. Several defense counsel moved to dismiss the juror, complaining that the juror en-

**8**

gaged in outbursts and other behavior suggesting antagonism towards the defendants. Rather than dismiss the juror, the district court gave general instructions to the jury reminding them to keep open minds and refrain from discussing the case or sharing opinions aloud before the termination of trial. "The determination of whether a juror can serve impartially will not be disturbed absent a clear abuse of discretion." *United States v. Perez,* 387 F.3d 201, 205 (2d Cir.2004). Because we give trial judges broad flexibility in handling such matters, we find no abuse of discretion here.

■ Defendant Colotti contends that the district court erred in excusing Juror 90. Both the judge and the courtroom deputy spoke with the juror on different occasions regarding personal matters that were interfering with her ability to serve. Eventually, the juror was dismissed. We find no abuse of discretion in the manner in which the district court handled the dismissal.

■ Several defendants also claim that the district court erred in admitting non-testifying codefendant Nuculovic's inculpatory statements to federal agents. Before he was arrested, Nuculovic admitted that he had been involved in a criminal organization run by Colotti, Rudaj, and Dedaj. When the government informed the district court of its intention to offer his statements, the defendants moved for severance on the grounds that the admission of the testimony would violate the Sixth Amendment's Confrontation Clause. The court instead ordered a number of redactions. The orders precluded any government witness from testifying about Nuculovic's use of the phrase "three leaders" to describe the leadership of the Rudaj Organization as such testimony would implicate Colotti, Rudaj, and Dedaj. After one of the agents testified that Nuculovic had stated that he and "three leaders" of the organization took over illegal gambling, the court recessed and reminded the parties that it had prohibited the government from referring to the "three leaders." At that point, counsel for Rudaj, Colotti, and Dedaj moved for a mistrial, which the district court denied. In response to defense counsel's desire not to call additional attention to the agent's mistake, the district court struck the statements from the record outside the presence of the jury.

We review a district court's evidentiary decisions for abuse of discretion, *see United States v. Thompson,* 528 F.3d 110, 120 (2d Cir.2008), and find none here. The district court specifically instructed the jury prior to the agent's testimony that Nuculovic's inculpatory statements were being admitted solely against Nuculovic and that the jury was not to consider the statements against any other defendant. "Absent evidence to the contrary, we must presume that juries understand and abide by a district court's limiting instructions." *United States v. Downing,* 297 F.3d 52, 59 (2d Cir.2002). Additionally, the district court found that the statements were sufficiently redacted so that no other defendant could be implicated by Nuculovic's admission. We believe that any prejudice stemming from the testimony was minimal and was adequately addressed by the district court's prophylactic measures. Accordingly, the defendants' challenges fail.

■ Rudaj and Colotti next challenge the district court's failure to dismiss one of the racketeering acts. Because the jury ultimately found that charge unproven, the defendants claim that we should conclude retroactively that the racketeering act was improperly joined because it had a prejudicial spill-over effect. "The term 'retroactive misjoinder' refers to circumstances in which the 'joinder of multiple counts was proper initially, but later developments— such as a district court's dismissal of some counts for lack of evidence or an appellate

court's reversal of less than all convictions—render the initial joinder improper.'" *United States v. Hamilton,* 334 F.3d 170, 181 (2d Cir.2003) (quoting *United States v. Jones,* 16 F.3d 487, 493 (2d Cir. 1994)). "The concept of prejudicial spillover ... requires an assessment of the likelihood that the jury, in considering one particular count or defendant, was affected by evidence that was relevant only to a different count or defendant." *Hamilton,* 334 F.3d at 182. Here we discern no prejudicial effect, given the overall strength of the government's case. *See id.*

■ Several defendants also maintain that the court did not give them sufficient time to confer with their counsel regarding peremptory challenges. Trial courts have ample discretion to determine the procedures under which peremptory challenges are exercised, *see United States v. Thompson,* 76 F.3d 442, 451 (2d Cir.1996), and the district court repeatedly warned defense counsel that they would have a brief period at the end of jury selection in which to consult regarding their strikes. While other procedures were available to the district judge, and the approach she took was, conservatively stated, aggressive, defendants have not demonstrated that the court abused its discretion.

■ Nuculovic argues that his trial counsel was constitutionally ineffective because his counsel allegedly fell asleep at various points during the trial and failed to consult with Nuculovic and call witnesses on his behalf. Nuculovic's claim is best addressed on habeas review under 28 U.S.C. § 2255, rather than on direct review, so "that the allegedly ineffective attorney ... [is] given the opportunity to explain the conduct at issue." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir. 2003). Consequently, we decline to address this claim now. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

■ Finally, several of the defendants raise challenges to the sufficiency of the evidence adduced to support their convictions. "[A] defendant raising an appellate challenge to the sufficiency of the evidence supporting a conviction faces a heavy burden, because we must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin,* 364 F.3d 438, 459 (2d Cir.2004) (internal quotation marks omitted). We have repeatedly established that "[r]eversal is warranted only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Id.* at 459–60. After reviewing the substantial evidence of guilt the government adduced at trial, we conclude that the defendants have not met this heavy burden.

We have considered the defendants' remaining contentions and find them to be without merit. Accordingly, we affirm the judgment of the district court.